IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| COTRELL T. KNIGHT, and PHYLLIS M. KNIGHT,<br><br>Petitioners,<br><br>vs.<br><br>MICHAEL MYERS,<br><br>Respondent. | **8:24CV454**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court for initial review of a habeas corpus petition under 28 U.S.C. § 2254 filed on behalf of Petitioner Cotrell T. Knight ("Petitioner") by his mother, Phyllis M. Knight ("Knight"). Filing No. 1. For the reasons that follow, the Court will dismiss the petition without prejudice because Knight has failed to demonstrate that she is entitled to maintain the present habeas action on her son's behalf.

Liberally construed, the petition alleges Petitioner was unlawfully kidnapped from the Sedgwick County Correctional Facility in Kansas on October 30, 2024, by two Omaha Police Department ("OPD") officers and taken to the Douglas County Detention Center in Omaha, Nebraska, "without a governor's warrant" "in violation of the detainer act and the extradition act." Filing No. 1 at 1. As alleged in the petition, at the time of filing, Petitioner was facing the "2nd preliminary stage" in case number CR24-16856 in the County Court of Douglas County, Nebraska. *Id.* The Court takes judicial notice of the Petitioner's state court records which show that a complaint was filed on October 2, 2024, in CR24-16856 charging Petitioner with kidnapping, a Class IA felony, and a warrant was issued for his arrest and served on Petitioner on

October 30, 2024. Petitioner was appointed counsel, a preliminary hearing was held on December 2, 2024, and the Douglas County Court determined there was probable cause for Petitioner's detention and bound the matter over to the state district court where it remains pending.[1] The petition appears to raise conclusory claims of fraud on the court, Fourth Amendment, Eighth Amendment, and due process violations, lack of jurisdiction, and general complaints about Petitioner's conditions of confinement.

Petitioner has not signed the Petition. Rather, Knight signed the Petition, and where the Form AO 241 petition asked, "If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition," Knight wrote:

> The person signing petition is person with consent to execute any and all administrative and judicial affairs on behalf of petitioner as his parent with "next friend" standing to appear for the person I created, I own "being person truly dedicated to best interest of my child" who is unable to access the court because he is being held hostage, suffering from PTSD, compeling [sic] third person and this government institution to take judicial action ordering release.

*Id.* at 15. Knight also attached to the petition a copy of a Power of Attorney designating Knight as Petitioner's power of attorney "[t]o execute any and all administrative and judicial affairs being adjudicated in the State and Federal Courts of the United States." *Id.* at 16. As explained below, however, neither Knight's allegations nor the Power of Attorney establish that she is entitled to proceed on Petitioner's behalf in this habeas action.

---

[1] The Court takes judicial notice of the state court records in *State v. Cotrell T. Knight*, CR24-16856, County Court of Douglas County, Nebraska, and *State v. Cotrell T. Knight*, CR24-5524, District Court of Douglas County, Nebraska. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

2

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242; *see also* Rule 2(c)(5) of the *Rules Governing § 2254 Cases in the United States District Courts* ("The petition must . . . be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner . . . ."). Knight may pursue this habeas corpus action on behalf of Petitioner if she can establish standing to proceed as his "next friend." To establish standing as a "next friend," the party purporting to act for the detained individual must show (at least) the following two things:

1. The real party cannot access the courts, the real party is mentally incompetent, or the real party has some other disability, and the real party cannot therefore bring the action himself.

2. The party purporting to act for the real party is dedicated to the best interests of the real party.

*Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). "The burden is on the 'next friend' clearly to establish the propriety of [her] status and thereby justify the jurisdiction of the court." *Id.* at 164.

Knight has failed to show that the factors for "next friend" standing exist in the present case. Petitioner is not a minor and nothing Knight alleges in the petition suggests Petitioner is incompetent. Rather, Knight alleged that she signed for Petitioner because he is "being held hostage" and "suffering from PTSD," Filing No. 1 at 15, but her conclusory, general allegations fail to show that Petitioner is incapable of pursuing federal habeas relief on his own behalf if he wishes to do so.

Additionally, there is no indication that Knight is an attorney and that she is admitted to practice in this Court so that she may represent Petitioner in this habeas corpus action. *See* NEGenR 1.7(c) ("An attorney admitted and

licensed to practice before the highest court of any state may apply for admission to practice in this court."). It is improper for a non-lawyer to sign papers in place of, or to otherwise represent, parties other than themselves. *See United States v. Brenton*, No. 8:04CR262, 2007 WL 3124539, at *1 (D. Neb. Oct. 23, 2007) (citing 5A C. Wright & A. Miller, Federal Practice and Procedure § 1333, at 513 & n.15 (2004)). Parties only may proceed in federal court pro se when acting solely for themselves or through counsel. 28 U.S.C. § 1654; *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) (non-lawyer has no right to represent another entity in federal court). Petitioner's grant of power of attorney to Knight does not change this reality. *Reese v. Sherburne Cnty. Det. Ctr.*, No. 019CV01975ECTKMM, 2020 WL 4593803, at *2 (D. Minn. Aug. 11, 2020) ("[E]ven where a plaintiff has granted power of attorney to a non-lawyer in accordance with state law, this does not authorize the non-lawyer to conduct litigation [on] the person's behalf.") (citing *Kapp v. Booker*, No. CIV.A. 05-402-JMH, 2006 WL 385306, at *3 (E.D. Ky. Feb. 16, 2006)). If Petitioner wishes to challenge his detention through federal habeas proceedings, then he may file a petition on his own behalf using the forms enclosed with this Memorandum and Order.[2]

Finally, a petitioner cannot appeal an adverse ruling on a petition for writ of habeas corpus under § 2254 unless he or she is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P.

---

[2] This matter was filed on the court-approved form for petitions seeking relief under 28 U.S.C. § 2254. To obtain habeas corpus relief under § 2254, a petitioner must demonstrate that he is "in [State] custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a). Thus, when a state prisoner seeks habeas relief in federal court under § 2254, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (citations omitted). But even liberally construing the petition, it does not challenge a Nebraska conviction. Rather, it appears to challenge Petitioner's arrest and detention by OPD officers on the basis of a warrant issued in Nebraska. Such an argument is more properly brought under 28 U.S.C. § 2241, so the Court will direct the clerk to mail to Petitioner the court-approved forms for a federal habeas petition under § 2241 as well.

4

22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Court has applied the appropriate standard and determined that Knight is not entitled to a certificate of appealability in this case.

IT IS THEREFORE ORDERED that:

1. The petition for writ of habeas corpus, Filing No. 1, is denied and dismissed without prejudice. No certificate of appealability has been or will be issued.

2. The Court will enter judgment by separate document.

3. The Clerk of the Court is directed to send a Form AO 241 Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus, a Form AO 242 Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus, and an application to proceed without prepayment of fees to Petitioner Cotrell T. Knight along with a copy of this Memorandum and Order.

Dated this 11th day of April, 2025.

BY THE COURT:

_____
John M. Gerrard
Senior United States District Judge